UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAMEION EDWARD ROBINSON,

        Plaintiff,        Case No. 2:16-cv-00312-TC

        v.        FINDINGS AND RECOMMENDATION

JAMES TAYLOR, et al.,

        Defendants.

Coffin, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff also alleges "the tort of negligence" as an ancillary state law claim.

    On August 19, 2016, defendants filed a Motion for Summary Judgment (#16) on grounds of Eleventh Amendment

1 - FINDINGS AND RECOMMENDATION

immunity and for failure to exhaust administrative remedies.

On August 22, 2016, plaintiff was sent a summary judgment advice notice (#19) advising him of the federal rules concerning summary judgments and what he must do to avoid having his case dismissed. Plaintiff was advised that his response was due by September 26, 2016. On October 27, 2016, plaintiff was ordered to show cause within 30 days why defendants' motion for summary judgment should not be allowed for the reasons set forth in the motion. Plaintiff has not filed a response.

Defendants motion for summary judgment is 12 pages long and responds in detail to each of plaintiff's claims with cogent argument supported by the declaration of James A. Taylor (#17).

The facts established in the Taylor declaration and supporting exhibits have not been controverted by plaintiff. Defendants' arguments and supporting facts establish that there is "no genuine dispute as to any material fact, and that defendants are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 251-52(1986). "If the moving party meets its initial burden

2 - FINDINGS AND RECOMMENDATION

of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant and probative evidence tending to support its claim or defense. Intel Corp. V. Hartford, 952 F.2d 1551, 1558 (9th Cir. 1991). In other words, the non-moving party (plaintiff in this case) must produce sufficient evidence demonstrating to the court that there are genuine issues of material fact to be decided at trial. Fed. R. Civ. P. 56(e). To do this, plaintiff must point to specific evidence in the record. Celotex v. Catrett, 447 U.S. 317, 324 (1986).

In this case, defendants have satisfied their initial burden. Although being advised of the summary judgment rules and afforded an opportunity to do so, plaintiff has not presented any evidence or arguments in response.

Therefore, defendants' Motion for Summary Judgment (#16) should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written

3 - FINDINGS AND RECOMMENDATION

objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

**Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.**

DATED this 27 day of December, 2016.

_____
Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION